## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRIA A. MCKNIGHT,<br>　　　　Appellant, | DOCKET NUMBER<br>SF-315H-23-0133-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: May 16, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Terria A. Mcknight, Washington, D.C., pro se.

Camille D. Stroughter, Esquire, Oakland, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2     The following facts are undisputed. The agency terminated the appellant from her competitive-service position as a Contract Specialist, GS–07, during her probationary period based, at least in part, on preappointment reasons (alleged false certification on Optional Form 306, Declaration for Federal Employment). Initial Appeal File (IAF), Tab 8 at 20, 24-25, 32, 36-37. Before her termination, she received a notice of proposed termination on December 9, 2022. *Id.* at 32-33. The proposal invited her to submit a reply to the Executive Director, Human Resources Operations Office (HR Director), who stated that, upon giving it her full and impartial consideration, she would issue a written decision. *Id.* at 32. On the same day, the appellant emailed her response to the HR Director. *Id.* at 27-28. On December 28, 2022, the agency issued a decision, signed by the HR Director, terminating her effective January 5, 2023. *Id.* at 24-25.

¶3     The appellant filed an appeal with the Board mainly arguing the merits of the action and asserting that the Board had jurisdiction over her appeal under 5 C.F.R. §§ 315.805-.806. IAF, Tab 1 at 5, Tab 5 at 4-8. She requested a hearing. IAF, Tab 1 at 2. Among other things, she questioned why the notice of termination did not include the reason for termination or indicate whether her reply had been considered or evaluated. IAF, Tab 1 at 5, Tab 5 at 4.

¶4     The administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 10, Initial Decision (ID) at 1. While acknowledging that the termination decision letter did not specifically indicate that the agency considered or evaluated the appellant's reply, he concluded that her claims that her reply had not been considered were "pro forma, conclusory allegations short of the nonfrivolous allegation threshold." ID at 14-15. He ultimately determined that the appellant received all the procedural protections set forth under 5 C.F.R. § 315.805, including that her reply had been provided to the decision maker and given bona fide consideration. *Id.* The appellant has filed a petition for review, mostly asserting the same arguments

she did before the administrative judge.  Petition for Review (PFR) File, Tab 1.  The agency has responded, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>Remand is appropriate because the appellant has nonfrivolously alleged that the agency did not consider her reply to the notice of proposed termination.</u>

¶5      A probationary employee with less than 1 year of current continuous service has no statutory right to appeal her termination.  *See* 5 U.S.C. § 7511(a); *Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 4 (2010).  However, as relevant here, 5 C.F.R. § 315.806(c) creates a regulatory right of appeal to the Board when a probationary employee alleges that an agency terminated her for reasons, in whole or in part, arising before appointment without complying with the procedural requirements of 5 C.F.R. § 315.805.  *Rivera*, 114 M.S.P.R. 52, ¶ 4.[2]  Pursuant to 5 C.F.R. § 315.805, a probationary employee is entitled to the following:  (a) advance written notice of the reasons for the proposed action; (b) a reasonable time to file a written answer and supporting affidavits, which the agency must consider in reaching its decision; and (c) written notification of the agency's final decision at the earliest practicable date, but no later than at the time the action will become effective, informing the employee of the reasons for the action and appeal rights.  The Board has held that, to be entitled to a jurisdictional hearing in an appeal by a probationary employee who has been terminated for alleged preappointment reasons, the appellant must make a nonfrivolous allegation that the agency's procedures were not in accordance with 5 C.F.R. § 315.805.  *Graham v. Department of Justice*, 50 M.S.P.R. 285, 288 (1991); *see also Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 (2013) (holding that, if an appellant makes a nonfrivolous allegation of jurisdiction, but a determination cannot be made based on the documentary evidence, the Board

---

[2] We agree with the administrative judge that the appellant has not alleged that her termination was based on partisan political reasons or marital status.  ID at 14; *see* 5 C.F.R. § 315.806(b).

should hold an evidentiary hearing to resolve the jurisdictional question). It is undisputed that the agency terminated the appellant, at least in part, based on preappointment conditions. ID at 14; IAF, Tab 8 at 32. For the following reasons, we find that the appellant has nonfrivolously alleged facts entitling her to a jurisdictional hearing over her probationary termination pursuant to 5 C.F.R. § 315.806.

¶6        In her petition for review, the appellant reasserts her concern that the final termination letter does not indicate that the agency considered her reply. PFR File, Tab 1 at 4, 7-8; IAF, Tab 1 at 5, Tab 5 at 4-6. Indeed, the termination letter neither mentions the appellant's reply nor indicates that the agency considered it. IAF, Tab 8 at 24-25. The December 9, 2022 notice of proposed termination instructed the appellant to submit her reply, if any, directly to the HR Director, who, as the designated deciding official, would give it her full and impartial consideration before making a written decision. *Id.* at 32. On the same day, the appellant emailed her reply to the HR Director. *Id.* at 27-28. It appears that the HR Director forwarded the appellant's email on December 20, 2022, at 11:32 a.m., to "Debra D." *Id.* at 27. Shortly afterwards, at 12:06 p.m., Debra D., Acting Executive Assistant to the HR Director, sent an email to a few agency personnel, including the HR Director, another person, and a "Deborah I.," stating that "Debbie has reviewed this on [the HR Director's] behalf. Please proceed with the termination next week." *Id.* On December 28, 2022, the agency issued a decision terminating the appellant. *Id.* at 24-25. The email thread indicates that the HR Director did not review the appellant's reply but that "Debbie" reviewed it on her behalf. However, it is not clear whether "Debbie" means Debra D., Deborah I., or some other individual, or what role that person had at the agency. Nor is it established whether the reply was properly considered by an agency official with authority to render a decision on the appellant's termination. We find it necessary to remand this appeal for the administrative judge to determine these issues. *See Walker*, 119 M.S.P.R. 391, ¶ 12 (remanding to determine

whether the deciding official with proper authority to effect the termination without subsequent ratification did so before the appellant completed 1 year of current continuous service); *Vandewall v. Department of Transportation*, 52 M.S.P.R. 150, 155 (1991) (remanding to determine whether the appellant had been terminated during her probationary period, to include finding whether the deciding official had the authority to terminate the appellant); *Ward v. Department of the Navy*, 44 M.S.P.R. 493, 499 (1990) (agreeing that 5 C.F.R. § 315.805(b) ordinarily requires that the agency give bona fide consideration to a probationary employee's response to a notice of proposed discharge). The agency asserts that it fulfilled the requirements of 5 C.F.R. § 315.805. PFR File, Tab 3 at 4-5. Yet, the evidence in the record is not sufficiently detailed or corroborative of the agency's bare assertions, and, in any event, we will not weigh evidence or resolve conflicting assertions at this stage. *See Milanak v. Department of Transportation*, 90 M.S.P.R. 219, ¶ 10 (2001).

¶7        Therefore, we find that the appellant is entitled to a jurisdictional hearing on remand for the administrative judge to determine if the agency failed to follow the procedure outlined in section 315.805(b). If he does so find, the Board's jurisdiction would be established under section 315.806(c). *See Keller v. Department of the Navy*, 69 M.S.P.R. 183, 188 (1996) (holding that the agency's failure to follow the procedures set forth at 5 C.F.R. § 315.805 in effecting the appellant's termination constitutes grounds for Board review). In an appeal under section 315.806(c), the merits of the agency's decision to terminate the probationer are not before the Board.[3] *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008). Rather, the administrative judge must then adjudicate whether the appellant can demonstrate by a preponderance of the evidence that the agency's failure to follow the procedural requirements of

---

[3] As regards the merits of the appellant's termination, including her claim of defamation, the administrative judge correctly determined that the merits of the termination are not before the Board. ID at 13; PFR File, Tab 1 at 6-7.

section 315.805 was harmful error. *Id.*, ¶¶ 7-8; *Keller*, 69 M.S.P.R. at 188-89. Harmful error cannot be presumed. *Hope*, 108 M.S.P.R. 6, ¶ 8. If there was harmful error, then the agency's action must be set aside. *Id.*, ¶ 7. An agency commits harmful error only when the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 8. The burden remains with the appellant to demonstrate harmful error by preponderant evidence. *Id.*

The appellant's remaining arguments are unavailing.

¶8　　　The appellant asserts that the final termination notice did not give reasons for the termination as required by 5 C.F.R. § 315.805(c). PFR File, Tab 1 at 8; IAF, Tab 5 at 4. Though the final termination notice did not spell out the reasons for the termination, it did state that the decision to terminate had been made in connection with the December 9, 2022 letter, which had given her advance notice of the proposed termination due to conditions arising before her appointment. IAF, Tab 8 at 24. The December 9, 2022 letter explained the reasons for the proposed termination in detail. *Id.* at 32. We find that the agency sufficiently informed the appellant of the reasons for termination as required by 5 C.F.R. § 315.805(c).

¶9　　　To the extent the appellant is arguing that she is constitutionally entitled to more due process, PFR File, Tab 1 at 7-9; IAF, Tab 5 at 7, Tab 6 at 18, Tab 9 at 5, her argument is unsuccessful because she is a probationary employee, *see Pope v. Department of the Navy*, 62 M.S.P.R. 476, 479 (1994) (holding that the appellant, as a probationer, was not a public employee who could only be removed for cause, and thus, her right to pretermination process was not based on the Constitution; rather, her pretermination procedural rights were based entirely on 5 C.F.R. § 315.805). Unlike the appellant, who is a probationer with less than 1 year of service, a Federal Government employee who has completed her probationary period is afforded a number of protections, including, under many circumstances, the right to appeal adverse actions to the Board. *See* 5 U.S.C.

§§ 7511, 7513.  Probationary employees, such as the appellant, do not, however, have the same procedural rights and may appeal to the Board only under very limited circumstances.  *See Rivera*, 114 M.S.P.R. 52, ¶ 4; 5 C.F.R. § 315.806.

## ORDER

¶10     For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          _____

                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.